1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  JAMES C. MANN (CABN 221603)
   Assistant United States Attorney
5
     1301 Clay Street, Suite 340S
6    Oakland, CA 94612
     Telephone: (510) 637-3680
7    Fax: (510) 637-3724
     E-Mail:  James.C.Mann@usdoj.gov
8

9  Attorneys for Plaintiff

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13 UNITED STATES OF AMERICA,        )    No.  CR-12-00495 SBA
                                    )
14         Plaintiff,               )    STIPULATION AND PROTECTIVE
                                    )    ORDER RE: RECORDINGS
15 v.                               )
                                    )
16 RICKY BRUMFIELD,                 )    OAKLAND VENUE
                                    )
17         Defendants.              )
                                    )
18                                  )
                                    )
19                                  )
                                    )
20 _____ )

21         With the agreement of the parties, and with the consent of defendants, the Court enters

22 the following Order:

23         Defendants are charged with various drug-trafficking crimes.  Pursuant to defendants'

24 requests, the United States will produce copies of audio and video recordings of the controlled

25 transactions conducted by law enforcement (hereinafter "RECORDINGS") to defense counsel,

26 in lieu of making them available for review only, pursuant to the following restrictions:

27         1.      The United States will designate the RECORDINGS as confidential by marking

28 such discovery as "CONFIDENTIAL" and shall produce such discovery on a CD or DVD

marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

2. Except when being actively examined for the purpose of the preparation of the defense of defendant, the RECORDINGS shall be maintained in a safe and secure place in defense counsel's office, which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare defendant's defense, and his or her investigator(s). Defense counsel, members of his or her law firm, defendant, and the investigator(s) shall not permit any person access of any kind to the RECORDINGS except as set forth below.

3. The following individuals may examine the RECORDINGS for the sole purpose of preparing the defense of defendant and for no other purpose:

        a) Counsel for defendant;

        b) Members of defense counsel's law office who are assisting with the preparation of defendant's defense;

        c) Defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph, (defendant may not take or maintain the RECORDINGS or copies thereof);

        d) Investigators and experts retained by defendant to assist in the defense of this matter.

If defense counsel determines that additional persons are needed to review the RECORDINGS, he or she must obtain a further order of the Court before allowing any other individual to review the materials.

4. A copy of this Order shall be maintained with the RECORDINGS at all times.

5. All individuals, other than defense counsel (and employees of his/her office) and defendant, who receive access to the RECORDINGS, prior to receiving access to the materials, shall sign a copy of this Order acknowledging that:

        a) they have reviewed the Order;

        b) they understand its contents;

c)   they agree that they will only access the RECORDINGS and information for the purposes of preparing a defense for defendant;

d)   they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for defendant shall either (1) send signed copies of the Order to counsel for the United States or (2) file signed copies of the Order, *ex parte* and under seal.  The United States shall have no access to the signed copies filed under seal without further order of the Court.

6.   No other person may be allowed to examine the RECORDINGS without further order of the Court.  Examination of the RECORDINGS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

7.   The RECORDINGS may be duplicated to the extent necessary to prepare the defense of this matter.  Any duplicates will be treated as originals in accordance with this Order.

8.   If the RECORDINGS are attached to any pleadings, the RECORDINGS shall be filed or lodged under seal.

9.   The United States shall request that the defense team return the RECORDINGS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.  The defense team shall comply with the United States' request.

10.   After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the RECORDINGS.  The United States will maintain the RECORDINGS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the United States may destroy the RECORDINGS.  In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the RECORDINGS under the same restrictions as trial and direct appeal defense counsel.  Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen

1  calendar days after the conclusion of any direct appeal of the district court's denial of the

2  motion, whichever is later.

3

4  STIPULATED:

5

6  DATED: July 2, 2012                          _____/s/_____
                                                 CLAIRE LEARY
7                                                Attorney for Defendant Brumfield

8

9  DATED: July 2, 2012                          MELINDA HAAG
                                                 United States Attorney
10

11                                               _____/s/_____
                                                 JAMES C. MANN
12                                               Assistant United States Attorney

13          IT IS SO ORDERED that disclosure of the above-described materials shall be restricted

14  as set forth above.

15

16  DATED: July 10, 2012                         _Saundra B Armstrong_____
                                                 HONORABLE SAUNDRA BROWN ARMSTRONG
17                                               United States District Court Judge

18

19

20

21

22

23

24

25

26

27

28